**Fill in this information to identify the case:**

Debtor Name  GFY REALTY COPORATION

United States Bankruptcy Court for the:District of NEW JERSEY

Case number:  21-10078 JKS

☐ Check if this is an amended filing

**Official Form 425B**

# Disclosure Statement for Small Business Under Chapter 11

12/17

**GFY REALTY COPORATION's Disclosure Statement, Dated JULY 7 2021**

**Table of Contents.** See instructions about how to modify the table of contents if you do not have all of the sections below.

[Insert when text is finalized]

I. Introduction ........................................................................................................3
   A. Purpose of This Document ........................................................................3
   B. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing ...........3
   C. Disclaimer ........................................................................................4

II. Background ........................................................................................................4
   A. Description and History of the Debtor's Business.................................................4
   B. Insiders of the Debtor ..........................................................................4
   C. Management of the Debtor During the Bankruptcy .........................................4
   D. Events Leading to Chapter 11 Filing .......................................................4
   E. Significant Events During the Bankruptcy Case ............................................5
   F. Projected Recovery of Avoidable Transfers ................................................5
   G. Claims Objections ...............................................................................5
   H. Current and Historical Financial Conditions ................................................6

III. Summary of the Plan of Reorganization and Treatment of Claims and Equity Interests ..........6
   A. What Is the Purpose of the Plan of Reorganization? ......................................6
   B. Unclassified Claims ..............................................................................6
     1. Administrative expenses, involuntary gap claims, and quarterly and Court fees ......6
     2. Priority tax claims......................................................................7
   C. Classes of Claims and Equity Interests........................................................7
     1. Classes of secured claims ...........................................................7
     2. Classes of priority unsecured claims ..............................................8
     3. Classes of general unsecured claims..............................................9
     4. Classes of equity interest holders ................................................10
   D. Means of Implementing the Plan ..............................................................10
     1. Source of payments ..................................................................10
     2. Post-confirmation Management ...................................................10
   E. Risk Factors .....................................................................................10
   F. Executory Contracts and Unexpired Leases ...............................................11
   G. Tax Consequences of Plan ...................................................................11

IV. Confirmation Requirements and Procedures ...........................................................12
   A. Who May Vote or Object.......................................................................12
     1. What is an allowed claim or an allowed equity interest? ....................12
     2. What is an impaired claim or impaired equity interest? ......................12
     3. Who is not entitled to vote...........................................................13
     4. Who can vote in more than one class ............................................13
   B. Votes Necessary to Confirm the Plan .......................................................13
     1. Votes necessary for a class to accept the plan................................13

Debtor Name    Name   GFY REALTY COPORATION                          Case number 21-10078 JKS

2. Treatment of non-accepting classes of secured claims, general unsecured claims, and interests ......................13
C. Liquidation Analysis ........................................................................................................................................14
D. Feasibility ........................................................................................................................................................14
1. Ability to initially fund plan ..........................................................................................................................14
2. Ability to make future plan payments and operate without further reorganization ...................................14
V. Effect of Confirmation of Plan ...............................................................................................................................15
A.Discharge of Debtor .........................................................................................................................................15
B. Modification of Plan .........................................................................................................................................15
C. Final Decree ....................................................................................................................................................16
VI. Other Plan Provisions ..........................................................................................................................................16
Exhibit A:  Copy of Proposed Plan of Reorganization ............................................................................................17
Exhibit B: Identity and Value of Material Assets of Debtor .....................................................................................18
Exhibit C: Prepetition Financial Statements ...........................................................................................................19
Exhibit D: [Most Recently Filed Postpetition Operating Report] .............................................................................20
Exhibit E: Liquidation Analysis ...............................................................................................................................21
Exhibit F: Cash on hand on the effective date of the Plan .....................................................................................22
Exhibit G: Projections of Cash Flow for Post-Confirmation Period ........................................................................23

Debtor Name    Name    GFY REALTY COPORATION                          Case number 21-10078 JKS

## I. Introduction

This is the disclosure statement (the *Disclosure Statement*) in the small business chapter 11 case of GFY
[_____] This Disclosure Statement provides information about the Debtor and
the Plan filed on July 7 2021 (the *Plan*) to help you decide how to vote.

A copy of the Plan is attached as *Exhibit A*. **Your rights may be affected.** You should read the
Plan and this Disclosure Statement carefully. You may wish to consult an attorney about your rights
and your treatment under the Plan.

The proposed distributions under the Plan are discussed at pages [__-__] of this Disclosure
Statement. [General unsecured creditors are classified in Class [__] N/A, and will receive a distribution of [__] 100% of
their allowed claims, to be distributed as follows n/a [_____].]

### A. Purpose of This Document

This Disclosure Statement describes:

- The Debtor and significant events during the bankruptcy case,

- How the Plan proposes to treat claims or equity interests of the type you hold (*i.e.*, what
  you will receive on your claim or equity interest if the plan is confirmed),

- Who can vote on or object to the Plan,

- What factors the Bankruptcy Court (the *Court*) will consider when deciding whether to
  confirm the Plan,

- Why [the proponent] believes the Plan is feasible, and how the treatment of your claim or
  equity interest under the Plan compares to what you would receive on your claim or
  equity interest in liquidation, and

- The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement. This Disclosure Statement
describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

### B. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing

The Court has not yet confirmed the Plan described in this Disclosure Statement. A separate
order has been entered setting the following information:

- Time and place of the hearing to [finally approve this disclosure statement and] confirm the
  plan,

- Deadline for voting to accept or reject the plan, and

- Deadline for objecting to the [**adequacy of disclosure and**] confirmation of the plan.

If you want additional information about the Plan or the voting procedure, you should contact
[Dean JDespotovich Esq
328 Clifton Avenue
Clifton NJ 07011
973 772 6466

Debtor Name   Name   GFY REALTY COPORATION                    Case number 21-10078 JKS

## C. Disclaimer

The Court has [conditionally] approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms. The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted.

## II. Background

### A. Description and History of the Debtor's Business

Debtor is a corporation formed to purchase and operate as a commercial landlord real property purchased in May 2009, 125-139 and 126-128 5th Avenue, Paterson NJ , a warehouse subdivided into spaces for commercial tenants

### B. Insiders of the Debtor

Ge Wang, sole shareholder and President only.

### C. Management of the Debtor During the Bankruptcy

List the name and position of all current officers, directors, managing members, or other persons in control (collectively the *Management*) who will not have a position post-confirmation that you list in III D 2.

| Name | Position |
|------|----------|
| Ge Wang, sole shareholder and President only. | |

### D. Events Leading to Chapter 11 Filing

Debtor disputed the calculation and lack of payoff information from the Mortgagee Greenwich Associates LLC upon the expiration of the balloon mortgage in dispute which matured in May 2017. Greenwich instituted frivolous state court Landlord –tenant eviction proceedings which were dismissed, however the parties agreed to negotiate and settle the outstanding balance on the mortgage. Thereafter the Mortgagee instituted foreclosure proceeding in state court which were heavily contested up to the day of trial, in which this matter was filed herein.

Debtor Name    Name    GFY REALTY CORPORATION                                Case number 21-10078 JKS

## E. Significant Events During the Bankruptcy Case

[

Debtor retained Dean J Despotovich Esq for legal representation in the within matter. Debtor was represented pre petition by Leonard Boyer Esq of Clifton and Christopher Howell prior to the state court litigation. Debtor has accounting support via Centre Tax and Accounting Services.

Debtor's rental income was seriously depressed during the 2020 Covid 19 pandemic as all tenants commercial activity ceased and became delinquent in rent accruals . Debtor has seen an increase in rent roll beginning in May 2021 and anticipates additional increase to full rental income by October 2021.

Debtor disputes the Proof of Claim of its sole creditor Greenwich Associates LLC and proposes upon accounting reconciliation between Debtor's expert and Secured creditor's Proof of Claim, either negotiate or otherwise contest that proof of claim to determine the proper amount due. Debtor 's position is the Proof of Claim is overstated by approximately $300,000.00.

Debtor requests 90 days to complete the refinance and exit the plan, no later than December 2021

Debtor's inquiries to date regarding the refinance cost monthly and corresponding  increases in the  rent roll make the Debtor's plan feasible, all while permitting the Creditor protection in the value of the asset. Debtor does not propose a monthly payment to the Creditor at this time.

## F. Projected Recovery of Avoidable Transfers

Check one box.

☒    The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

❑    The Debtor estimates that up to $            may be realized from the recovery of fraudulent, preferential or other avoidable transfers. While the results of litigation cannot be predicted with certainty and it is possible that other causes of action may be identified, the following is a summary of the preference, fraudulent conveyance and other avoidance actions filed or expected to be filed in this case:

| Transaction | Defendant | Amount Claimed |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

❑    The Debtor has not yet completed its investigation with regard to prepetition transactions. If you received a payment or other transfer within 90 days of the bankruptcy, or other transfer avoidable under the Code, the Debtor may seek to avoid such transfer.

## G. Claims Objections

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. Disputed claims are treated in Article 5 of the Plan.

Debtor Name   Name   GFY REALTY COPORATION                        Case number 21-10078 JKS

#### H. Current and Historical Financial Conditions

The identity and fair market value of the estate's assets are listed in *Exhibit B*. Debtor believes the real property to be valued at least at $1,000,000.00 and may be valued upon appraisal at approximately $1,600,000.00

The Debtor's most recent financial statements [if any] issued before bankruptcy, each of which was filed with the Court, are set forth in *Exhibit C*.

[The most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case is set forth in *Exhibit D*.]

[A summary of the Debtor's periodic operating reports filed since the commencement of the Debtor's bankruptcy case is set forth in *Exhibit D*.]

### III. Summary of the Plan of Reorganization and Treatment of Claims and Equity Interests

#### A. What Is the Purpose of the Plan of Reorganization?

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

#### B. Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. Therefore, the Plan Proponent has *not* placed the following claims in any class:

#### 1. Administrative expenses, involuntary gap claims, and quarterly and Court fees

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 503(b) of the Code. Administrative expenses include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition, and compensation for services and reimbursement of expenses awarded by the court under § 330(a) of the Code. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. Involuntary gap claims allowed under § 502(f) of the Code are entitled to the same treatment as administrative expense claims. The Code also requires that fees owed under section 1930 of title 28, including quarterly and court fees, have been paid or will be paid on the effective date of the Plan.

The following chart lists the Debtor's estimated administrative expenses, and quarterly and court fees, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Administrative expenses | | Paid in full on the effective date of the Plan, unless the holder of a particular claim has agreed to different treatment |
| Involuntary gap claims | | Paid in full on the effective date of the Plan, unless the holder of a particular claim has agreed to different treatment |
| Statutory Court fees | | Paid in full on the effective date of the Plan |

Debtor Name   Name   GFY REALTY COPORATION                                    Case number 21-10078 JKS

| | |
|---|---|
| Statutory quarterly fees | Paid in full on the effective date of the Plan |

| Total | TBD | |
|---|---|---|

### 2. Priority tax claims

Priority tax claims are unsecured income, employment, and other taxes described by §
507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees
otherwise, it must receive the present value of such claim pursuant to 11 U.S.C. § 511, in
regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their
proposed treatment under the Plan:

| Description (Name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment | | |
|---|---|---|---|---|---|
| | $ O arrears | | Payment interval | | |
| | | | [Monthly] payment | $ | |
| | | | Begin date | | |
| | | | End date | | |
| | | | Interest rate | | % |
| | | | Total payout amount | $ | |
| | $ | | Payment interval | | |
| | | | [Monthly] payment | $ | |
| | | | Begin date | | |
| | | | End date | | |
| | | | Interest rate | | % |
| | | | Total payout amount | $ | |

### C. Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will
receive under the Plan:

### 1. Classes of secured claims

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or
that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If
the value of the collateral or setoffs securing the creditor's claim is less than the amount of the
creditor's allowed claim, the deficiency will [be classified as a general unsecured claim].

Debtor Name    Name  GFY REALTY COPORATION                    Case number 21-10078 JKS

The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:

| Class # | Description | | Impairment? | Treatment | |
|---|---|---|---|---|---|
| | *Secured claim of:* Greenwich Associates LLC | | ☐ Impaired  x Unimpaired | [Monthly] payment | $n/a |
| | Real prop 5ᵗʰ Ave Paterson | | | Payments begin | |
| | Allowed secured amount | $ | | Payments end | |
| | Priority of lien | | | [Balloon payment] | Originally due 5/17 |
| | Principal owed | | | Interest rate | 7.5% |
| | Pre-pet. arrearage | | | Treatment of lien | |
| | Total claim | $TBD | | [Additional payment required to cure defaults] | $ |
| | *Secured claim of:* Name | | ☐ Impaired  ☐ Unimpaired | [Monthly] payment | $ |
| | Collateral description | | | Payment begin | |
| | Allowed secured amount | $ | | Payments end | |
| | Priority of lien | | | [Balloon payment] | |
| | Principal owed | | | Interest rate | % |
| | Pre-pet. arrearage | | | Treatment of lien | |
| | Total claim | $ | | [Additional payment required to cure defaults] | $ |

## 2. Classes of priority unsecured claims

The Code requires that, with respect to a class of claims of a kind referred to in §§ 507(a)(1), (4), (5), (6), and (7), each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim, unless a particular claimant agrees to a different treatment or the class agrees to deferred cash payments.

NONE

Debtor Name   Name  GFY REALTY COPORATION                    Case number 21-10078 JKS

The following chart lists all classes containing claims under §§ 507(a)(1), (4), (5), (6), and (7) of
the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment? | Treatment |
|---------|-------------|-------------|-----------|
| | Priority unsecured claim pursuant to section [insert] | ☐ Impaired<br>☐ Unimpaired | |
| | Total amount of claims   $ | | |
| | Priority unsecured claim pursuant to section [insert] | ☐ Impaired<br>☐ Unimpaired | |
| | Total amount of claims   $ | | |

### 3. Classes of general unsecured claims

General unsecured claims are not secured by property of the estate and are not entitled to
priority under § 507(a) of the Code. [Insert description of § 1122(b) convenience class if applicable.]

The following chart identifies the Plan's proposed treatment of classes ☐ through ☐, which
contain general unsecured claims against the Debtor:

| Class # | Description | Impairment? | Treatment |
|---------|-------------|-------------|-----------|
| | [1122(b) Convenience Class] | ☐ Impaired<br>☐ Unimpaired | [Insert proposed treatment, such as "Paid in full in cash on effective date of the Plan or when due under contract or applicable nonbankruptcy law"] |
| | General unsecured class | ☐ Impaired<br>☐ Unimpaired | [Monthly] payment   $ |
| | | | Payments begin |
| | | | Payments end |
| | | | [Balloon payment]   $ |
| | | | Interest rate from [date]   % |
| | | | Estimated percent of claim paid   % |

Debtor Name   Name   GFY REALTY COPORATION                        Case number 21-10078 JKS

### 4. Classes of equity interest holders

Equity interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company (*LLC*), the equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder.

The following chart sets forth the Plan's proposed treatment of the classes of equity interest holders: [There may be more than one class of equity interests in, for example, a partnership case, or a case where the prepetition Debtor had issued multiple classes of stock.]

| Class # | Description | Impairment? | Treatment |
|---|---|---|---|
| | Equity interest holders | ☐ Impaired<br>☐ Unimpaired | |

### D. Means of Implementing the Plan

#### 1. Source of payments

Payments and distributions under the Plan will be funded by the following:

Payment of the creditor in the Plan will be by refinance upon determination of the payoff and proof of claim amount. Payment of the refinance  shall be via rent roll income.

#### 2. Post-confirmation Management

The Post-Confirmation Management of the Debtor (including officers, directors, managing members, and other persons in control), and their compensation, shall be as follows:

| Name | Position | Compensation |
|---|---|---|
| Ge Wang | Sole shareholder and Officer | Net profit if any |

### E. Risk Factors

The proposed Plan has the following risks:

Failure of rent collections. Debtor via its shareholder guarantee, rent roll and asset value believes refiance is feasible even if Debtor is not fully successful in the proof of claim dispute.

Debtor Name   Name   GFY REALTY COPORATION                                    Case number 21-10078 JKS

**F. Executory Contracts and Unexpired Leases**

The Plan in Article 6 lists all executory contracts and unexpired leases that the Debtor will assume, and if applicable assign, under the Plan. *Assumption* means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any. Article 6 also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults.

If you object to the assumption, and if applicable the assignment, of your unexpired lease or executory contract under the Plan, the proposed cure of any defaults, the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed in Article 6 or have not previously been assumed, and if applicable assigned, or are not the subject of a pending motion to assume, and if applicable assign, will be rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

**[The deadline for filing a Proof of Claim based on a claim arising from the rejection of a lease or contract is**

_____ **].**

Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court orders otherwise.]

**G. Tax Consequences of Plan**

**Creditors and equity interest holders concerned with how the plan may affect their tax liability should consult with their own accountants, attorneys, and/or advisors.**

The following are the anticipated tax consequences of the Plan: [List the following general consequences as a minimum:

(1)   Tax consequences to the Debtor of the Plan;

(2)   General tax consequences on creditors of any discharge, and the general tax consequences of receipt of plan consideration after confirmation.] NONE KNOWN

Debtor Name   Name  GFY REALTY COPORATION                    Case number 21-10078 JKS

---

■ IV. Confirmation Requirements and Procedures

---

To be confirmable, the Plan must meet the requirements listed in §1129 of the Code. These include the requirements that:

— the Plan must be proposed in good faith;

— if a class of claims is impaired under the Plan, at least one impaired class of claims must accept the Plan, without counting votes of insiders;

— the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and

— the Plan must be feasible.

These requirements are <u>not</u> the only requirements listed in § 1129, and they are not the only requirements for confirmation.

**A. Who May Vote or Object**

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. Except as stated in Part IV.A.3 below, a creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both

(1) allowed or allowed for voting purposes and

(2) impaired.

In this case, the Plan Proponent believes that classes [ N/A ] are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Plan Proponent believes that classes [ N/A ] are unimpaired and that holders of claims in eachof these classes, therefore, do not have the right to vote to accept or reject the Plan.

**1. What is an allowed claim or an allowed equity interest?**

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either

(1)  the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or

(2)  the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest.

When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

The deadline for filing a proof of claim in this case was        [ May 17 2021. ]

[If applicable – The deadline for filing objections to claims is      [          .]

**2. What is an impaired claim or impaired equity interest?**

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it

Debtor Name    Name  GFY REALTY COPORATION                                    Case number 21-10078 JKS

is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a class is considered *impaired* if the Plan alters the legal, equitable, or contractual rights of the members of that class.

### 3. Who is not entitled to vote

The holders of the following five types of claims and equity interests are *not* entitled to vote:

- holders of claims and equity interests that have been disallowed by an order of the Court;
- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes;
- holders of claims or equity interests in unimpaired classes;
- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code;
- holders of claims or equity interests in classes that do not receive or retain any value under the Plan; and
- administrative expenses.

**Even if you are not entitled to vote on the plan, you have a right to object to the confirmation of the Plan [and to the adequacy of the Disclosure Statement].**

### 4. Who can vote in more than one class

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

### B. Votes Necessary to Confirm the Plan

If impaired classes exist, the Court cannot confirm the Plan unless:

(1)  all impaired classes have voted to accept the Plan; or

(2)  at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and the Plan is eligible to be confirmed by "cram down" of the non-accepting classes, as discussed later in Section B.2.

### 1. Votes necessary for a class to accept the plan

A class of claims accepts the Plan if both of the following occur:

(1)  the holders of more than ½ of the allowed claims in the class, who vote, cast their votes to accept the Plan, and

(2)  the holders of at least ⅔ in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least ⅔ in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

### 2. Treatment of non-accepting classes of secured claims, general unsecured claims, and interests

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan upon the request of the Plan proponent if the non-accepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds non-accepting classes is commonly referred to as a *cram down* plan. The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not *discriminate unfairly*, and

Debtor Name    Name  GFY REALTY COPORATION                    Case number 21-10078 JKS

is *fair and equitable* toward each impaired class that has not voted to accept the Plan.

**You should consult your own attorney if a *cram down* confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.**

## C. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to this Disclosure Statement as *Exhibit E.*

## D. Feasibility

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

### 1. Ability to initially fund plan

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date. Tables showing the amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to this disclosure statement as *Exhibit F.*

### 2. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.
The Plan Proponent has provided projected financial information. Those projections are listed in *Exhibit G.*
The Plan Proponent's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes, of $
[_____].$60,000.00 to $120,000.00 gross with net to be determined by the interest rate and
                  amount necessary to fund the plan    [_____]
The final Plan payment is expected to be paid on _no later than December 2021 .
[Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience. Explain why such assumptions should now be made.]
**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

Debtor Name    Name   GFY REALTY COPORATION                                   Case number 21-10078 JKS

| V. Effect of Confirmation of Plan |
| --- |

**A.   Discharge of Debtor**

Check one box.

☐            **Discharge if the Debtor is an individual and 11 U.S.C. § 1141(d)(3) is not applicable.** Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Code. Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

☐            **Discharge if the Debtor is a partnership and § 1141(d)(3) of the Code is not applicable.** On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code. However, the Debtor shall not be discharged from any debt imposed by the Plan. After the effective date of the Plan your claims against the Debtor will be limited to the debts imposed by the Plan.

☒            **Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable.** On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt:

(i)       imposed by the Plan, or

(ii)      to the extent provided in 11 U.S.C. § 1141(d)(6).

☐            **No Discharge if § 1141(d)(3) is applicable.** In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

**B. Modification of Plan**

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or re-voting on the Plan.

[**If the Debtor is not an individual, add the following:**]

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if

(1) the Plan has not been substantially consummated and
(2) the Court authorizes the proposed modifications after notice and a hearing.]

[**If the Debtor is an individual, add the following:**]

Upon request of the Debtor, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to

(1)   increase or reduce the amount of payments under the Plan on claims of a particular class,

(2)   extend or reduce the time period for such payments, or

(3)   alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.]

Debtor Name   Name  GFY REALTY COPORATION                                    Case number 21-10078 JKS

### C. Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of
Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in
the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the
case. Alternatively, the Court may enter such a final decree on its own motion.

### VI. Other Plan Provisions

[Insert other provisions here, as necessary and appropriate.]

✗ /S/ Ge Wang                                    Ge Wang

[Signature of the Plan Proponent]                [Printed Name]

✗ /s/ Dean J Despotovich                         Dean J Despotovich

[Signature of the Attorney for the Plan Proponent]   [Printed Name]

Debtor Name   Name   GFY REALTY COPORATION                          Case number 21-10078 JKS

# Exhibits

**Exhibit A: Copy of Proposed Plan of Reorganization**

| Fill in this information to identify the case: |
| --- |
| Debtor Name GFY Realty Corporation |
| United States Bankruptcy Court for the: District of New Jersey |
| Case number: _____ |

☐ Check if this is an amended filing

## Official Form 425A

## Plan of Reorganization for Small Business Under Chapter 11    02/20

GFY Realty Corporation    's Plan of Reorganization, Dated JULY 7 2021

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V**

### A. Description and History of the Debtor's Business

The Debtor is a [corporation, partnership, etc.]. Since [insert year operations commenced], the Debtor has been in the business of_____. [Describe the Debtor's business].

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit_.

### C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit_____.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $_____.

The final Plan payment is expected to be paid on _____.

[Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience. Explain why such assumptions should now be made.]
**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

Debtor Name_____    Case number_____

---

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of GFY Realty Corporation (the *Debtor*) from refinance of mortgage, cash flow from operations, and future income.

This Plan provides for:

| | |
|---|---|
| 0 | classes of priority claims; |
| 1 | classes of secured claims; |
| 0 | classes of non-priority unsecured claims; |
| 1 | |
| | |

**1    CLASSES OF EQUITY HOLDER CLAIMS**

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

---

## Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1**............................. | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)). |
| | | [Add classes of priority claims, if applicable] |
| 2.02 | **Class 2**.................................. | The disputed claim of Greenwich Associates LLC, to the extent allowed as a secured claim under § 506 of the Code. |
| | | [Add other classes of secured creditors, if any. *Note:* Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).] |
| 2.03 | **Class 3**.................................. | All non-priority unsecured claims allowed under § 502 of the Code. |
| | | [Add other classes of unsecured claims, if any.] |
| 2.04 | **Class 4**.................................. | Equity interests of the Debtor. [If the Debtor is an individual, change this heading *to The interests of the individual Debtor in property of the estate.*] |

---

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | |
|---|---|
| 3.01 **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
| 3.02 **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| | Or |
| | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid [specify terms of treatment, including the form, amount, and timing of distribution, consistent with section 1191(e) of the |

---

Official Form 425A                    Plan of Reorganization for Small Business Under Chapter 11                    page **2**

Debtor Name_____    Case number_____

Code].

[Note: the second provision is appropriate only in a subchapter V plan that is confirmed non-consensually under section 1191(b).]

| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code]. |

| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |

| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

## Article 4: Treatment of Claims and Interests Under the Plan

4.01  Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority claims excluding those in Article 3 | ☐ Impaired<br>☐ Unimpaired | [Insert treatment of priority claims in this Class, including the form, amount and timing of distribution, if any.<br>For example: "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. Except: [_____]."]<br>[Add classes of priority claims if applicable] |
| Class 2 – Secured claim of [Insert name of secured creditor.] | ☐ Impaired<br>X Unimpaired | [Insert treatment of secured claim in this Class, including the form, amount and timing of distribution, if any.]<br>[Add classes of secured claims if applicable] |
| Class 3 – Non-priority unsecured creditors | ☐ Impaired<br>☐ Unimpaired | [Insert treatment of unsecured creditors in this Class, including the form, amount and timing of distribution, if any.]<br>[Add administrative convenience class if applicable] |
| Class 4 - Equity security holders of the Debtor | ☐ Impaired<br>X Unimpaired | [Insert treatment of equity security holders in this Class, including the form, amount and timing of distribution, if any.] |

## Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: |

(i)   a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii)  no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |

| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

Debtor Name_____    Case number_____

| 6.01 **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: |
| | NONE |

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than [            ] days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

Debtor proposes upon resolution of the disputed proof of claim with Greenwich Associates, Debtor obtain financing available to its principal Ge Wang for the full payoff of the revised claim within three months of confirmation to complete the plan . Said new mortgage would be payable from the existing rents. Debtor anticipates that by October 2021, all tenants shall be paying full rent, specifically Studio 500 and Alchemy adding approximately $4000 to the rent roll. In addition, Debtor is looking to rent out an additional 5000 sq. ft. unit for additional funding of the refinance. Debtor's equity holder, Ge Wang, is seeking funding in the 8-10.5% range initially to fund the plan, with a future refinance post plan to lower the rate. In any event, a 30 year repayment mortgage would cost the Debtor between 9,400.00 to 12,500.00 per month, within the range of anticipated rent income after taxes, insurance and ordinary monthly expense of the Debtor.

## Article 8: General Provisions

| 8.01 **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| | [Insert additional definitions if necessary]. |
| 8.02 **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |

Debtor Name_____                           Case number_____

| | |
|---|---|
| [8.06 **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New Jersey govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwiseprovided in this Plan.] |
| [8.07 **Corporate governance** | Debtor has one equity holder,  Ge Wang , and shall not issue any non voting rights to any third party during this bankruptcy proceeding. |

Debtor Name_____    Case number_____

[8.08 **Retention of Jurisdiction**    Language addressing the extent and the scope of the bankruptcy court's jurisdiction
after the effective date of the plan.]

### Article 9: Discharge

[Include the appropriate provision in the Plan]

**[No Discharge -- Section 1141(d)(3) IS applicable.]**

In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy
case.

**[Discharge -- Section 1141(d)(3) IS NOT applicable; use one of the alternatives below]**

*[The following 3 alternatives apply to cases in which a discharge is applicable and the Debtor **DID NOT** elect to proceed under Subchapter V of Chapter
11.]*

**[Discharge if the Debtor is an individual and did not proceed under Subchapter V]**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on
completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will
not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule
4007(c) of the Federal Rules of Bankruptcy Procedure.

**[Discharge if the Debtor is a partnership and did not proceed under Subchapter V]**

On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this
Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt
imposed by this Plan.

**[Discharge if the Debtor is a corporation and did not proceed under Subchapter V]**

On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this
Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:
      (i)  imposed by this Plan; or
      (ii) to the extent provided in § 1141(d)(6).

*[The following 3 alternatives apply to cases in which the Debtor **DID** elect to proceed under Subchapter V of Chapter 11.]*

**[Discharge if the Debtor is an individual under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any
debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not
be discharged from any debt:
      (i)  imposed by this Plan; or
      (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the
      Federal Rules of Bankruptcy Procedure.

Debtor Name_____    Case number_____

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

      (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

      (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**[Discharge if the Debtor is a partnership under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

      (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

      (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**[Discharge if the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

      (i) imposed by this Plan; or

      (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

      (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

      (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

[Insert other provisions, as applicable.]

Respectfully submitted,

Debtor Name_____          Case number_____

**✗ /s/Ge Wang**          Ge Wang

[Signature of the Plan Proponent]          [Printed Name]

**✗ /s/ Dean J Despotovich**    Dean J Despotovich

[Signature of the Attorney for the Plan Proponent]          [Printed Name]

Debtor Name   Name   GFY REALTY COPORATION                                    Case number 21-10078 JKS

**Exhibit B: Identity and Value of Material Assets of Debtor**

006OZ7

Record and Return to:

KONG ABSTRACT CO., LLC.
41 ELIZABETH STREET, SUITE 503
NEW YORK, NY 10013

**Deed**

Prepared by:
Farer Fersko
A Professional Association
By:

Regina E. Schneller
A Member of the Firm

This Deed made as of the 28th day of May, 2009,

Between, Greenwich Village Associates L.L.C., a New Jersey Limited Liability Company, located at 30 West 60th Street, Suite 1A, New York, New York 10023 (the "Grantor"),

-and-

GFY Realty Corporation, a New Jersey Corporation, located at 185 6th Avenue, Paterson, New Jersey 07524 (the "Grantee");

The Grantor, for and in consideration of One Million ($1,000,000) Dollars, lawful money of the United States of America, paid to the Grantor, at or before the execution and delivery of this Deed, the receipt of which is acknowledged, subject to collection, and the Grantor being fully satisfied, does by this Deed grant, bargain, sell and convey to the Grantee forever,

All that certain tract or parcel of land and premises, situate, lying and being in the City of Paterson, County of Passaic, and State of New Jersey, more particularly described on the annexed Schedule A (the "Premises").

The Grantor obtained title to the Premises by Deed from Carriage Lane Associates, a New Jersey Partnership, dated April 25, 1996 and recorded May 7, 1996 in the Passaic County Clerk/Register's Office in Deed Book U144, at Page 123.

The Premises conveyed is also known as Block 2003, Lot 1 and Block 2004, Lot 3 on the Tax Map of the City of Paterson, County of Passaic, State of New Jersey; however, this reference to the tax map is for real estate tax purposes only and shall in no way be descriptive of the Premises nor establish legal boundaries.

The Grantor covenants that the Grantor has not done or executed, or knowingly suffered to be done or executed, any act, deed or anything by which the Premises, or any part of the Premises, now are or at any time hereafter, will or may be charged or encumbered in any manner or way.

The following are exceptions to any of the above statements:

(a)    Zoning and building regulations, ordinances and requirements adopted by any authority having jurisdiction, which relate to the Premises;

(b)    Subsurface conditions affecting the Premises not disclosed by any instrument recorded in the county records;

(c)    Such facts as a current accurate survey may disclose;

(d)    Easements recorded in the county records;

(e)    Restrictions recorded in the county records;

(f)    Mislocation of fence along easterly Premises line;

(g)    Mislocation of wall along southerly Premises line;

(h)    Building encroachment into Fifth Avenue and East Eleventh Street;

(i)    Fire escape encroachment onto East Eleventh Street; and

(j)    Unpaid real estate taxes for the year 2009.

To have and to hold the Premises, together with the appurtenances, to the Grantee and to the Grantee's proper use and benefit forever.

In all references to any parties, persons, entities or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the within instrument may require.

Wherever in this instrument any party shall be designated or referred to by name or general reference, such designation is intended to and shall have the same effect as if the words "heirs, executors, administrators, personal or legal representatives, successors and assigns" had been inserted after each and every such designation.

Signed and sealed by the Grantor.

Witness:

                                    Greenwich Village Associates, L.L.C.,
                                    A New Jersey Limited Liability Company
                                    Grantor:
                                    By:

_____             _____
Regina E. Schneller                  Stanley Meyers, Member

Witness:

_____             _____
                                     Eileen Farley Meyers, Member

**Schedule A**

All that certain tract or parcel of land, premises, situate, lying and being in the City of Paterson. County of Passaic and State of New Jersey, more particularly described as follows:

**Tract I**

Being known and designated as Lots 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, and 48, Block 18, as shown on a certain map entitled "Map of Riverside in the City of Paterson, N.J." which map was filed in the Passaic County Register's office on August 11, 1869, as Filed Map No. 104 and being more particularly described as follows:

Being also described in accordance with a survey prepared by Behar Surveying Associates, P.C., dated April 17, 1996.

Beginning at the intersection of the northerly line of Fifth Avenue and the westerly line of East 12th Street (formerly West 8th Street) and from thence running:

(1)    Along said northerly line of Fifth Avenue, North 64 degrees 00 minutes 00 seconds West, 200.00 feet to a point in the easterly line of East 11th Street (formerly West 9th Street); thence

(2)    Along said easterly line of East 11th Street, North 26 degrees, 00 minutes, 00 seconds East, 150.00 feet to a point; thence

(3)    South 64 degrees 00 minutes 00 seconds East, 200.00 feet to a point in the said westerly line of East 12th Street; thence

(4)    Along said westerly line of East 12th Street, South 26 degrees 00 minutes 00 seconds West 150.00 feet to a point in said northerly line of Fifth Avenue and the point and place of Beginning.

**Tract II**

Being known and designated as Lots 1 and 2 in Block 19 as shown on a certain map entitled "Map of Riverside of the City of Paterson, N.J." which map was filed in the Passaic County Register's Office on August 11, 1869 as filed Map No. 104.

Being also described in accordance with a survey prepared by Behar Surveying Associates, P.C., dated April 17, 1996, as follows:

Beginning at the point of intersection of the southerly line of Fifth Avenue and the easterly line of East Eleventh Street, from said point of Beginning thence running:

(1)    Along said line of Fifth Avenue, South 64 degrees 00 minutes East 50 feet to a point; thence

(2)    South 26 degrees 00 minutes West 100 feet to a point; thence

(3)    North 64 degrees 00 minutes West 50 feet to a point in the easterly line of East Eleventh Street; thence

(4)    Along said line of East Eleventh Street North 26 degrees 00 minutes East 100 feet to the point and place of Beginning.

**Acknowledgements**

State of New Jersey    )
                       ) ss:
County of Union        )

Be it remembered, that on this 28th day of May, 2009, before me the subscriber, personally appeared Stanley Meyers, one of the Members of Greenwich Village Associates, the Limited Liability Company named in and on whose behalf he executed the within instrument, and thereupon he acknowledged that he signed, sealed and delivered the same as the act and deed of the Limited Liability Company for the uses and purposes therein expressed, and that the full and actual consideration paid or to be paid for the transfer of title to realty evidenced by the within deed, as such consideration is defined in P.L. 1968, C. 49, Sec. l(c), is $1,000,000.

_____
Regina E. Schneller
An Attorney at Law of New Jersey


State of New York    )
                     ) ss:
County of New York   )

Be it remembered, that on this 28th day of May, 2009, before me the subscriber, personally appeared Eileen Farley Meyers, one of the Members of Greenwich Village Associates, the Limited Liability Company named in and on whose behalf she executed the within instrument, and thereupon she acknowledged that she signed, sealed and delivered the same as the act and deed of the Limited Liability Company for the uses and purposes therein expressed, and that the full and actual consideration paid or to be paid for the transfer of title to realty evidenced by the within deed, as such consideration is defined in P.L. 1968, C. 49, Sec. l(c), is $1,000,000.

GEORGE A. KNIGHT
Notary Public, State of New York
No. 01KN6128955
Qualified in Nassau County
Commission Expires June 20, 2013
_____
A Notary Public of New York
My Commission Expires: _____

(Affix Notarial Seal)

Debtor Name   Name   GFY REALTY COPORATION                     Case number 21-10078 JKS

**Exhibit C: Prepetition Financial Statements**
(to be taken from those filed with the court)

12:57 PM
02/04/21
Accrual Basis

# GFY Realty Corporation
# Profit & Loss
### January through December 2020

|  | Jan - Dec 20 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Rental | 179,003.25 |
| **Total Income** | 179,003.25 |
| | |
| **Expense** | |
| Bank Service Charges | 36.00 |
| Depreciation Expense | 22,917.00 |
| Insurance | |
| Property Insurance | 16,314.55 |
| **Total Insurance** | 16,314.55 |
| | |
| Interest Expense | 95,464.85 |
| Professional Fees | |
| Legal Fees | 22,228.00 |
| **Total Professional Fees** | 22,228.00 |
| | |
| Registration Fee | 475.50 |
| Repairs | |
| Building Repairs | 10,015.84 |
| **Total Repairs** | 10,015.84 |
| | |
| Services | 1,533.93 |
| Taxes | |
| Corporation Tax | 287.00 |
| Property | 65,879.47 |
| **Total Taxes** | 66,166.47 |
| | |
| Utilities | |
| Water | 6,736.16 |
| Utilities - Other | 7,665.40 |
| **Total Utilities** | 14,401.56 |
| | |
| **Total Expense** | 249,553.70 |
| | |
| **Net Ordinary Income** | -70,550.45 |
| | |
| **Net Income** | -70,550.45 |

12:58 PM
02/04/21
Accrual Basis

# GFY Realty Corporation
# Balance Sheet
### As of December 31, 2020

|  | Dec 31, 20 |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Checking/Savings | |
| TD Bank | 38,905.12 |
| **Total Checking/Savings** | 38,905.12 |
| | |
| Accounts Receivable | |
| Accounts Receivable | 281,523.31 |
| **Total Accounts Receivable** | 281,523.31 |
| | |
| **Total Current Assets** | 320,428.43 |
| | |
| Fixed Assets | |
| 125 5th Ave | 1,013,755.00 |
| Accumulated Depreciation | -247,312.00 |
| **Total Fixed Assets** | 766,443.00 |
| | |
| **TOTAL ASSETS** | **1,086,871.43** |
| | |
| **LIABILITIES & EQUITY** | |
| Liabilities | |
| Current Liabilities | |
| Accounts Payable | |
| Accounts Payable | 320,922.46 |
| **Total Accounts Payable** | 320,922.46 |
| | |
| Other Current Liabilities | |
| Corporation Tax Payable | 750.00 |
| Due to George Wang | 7,235.86 |
| Interest Payable | 44,000.00 |
| SBAD | 1,000.00 |
| Security Deposits | 6,400.00 |
| **Total Other Current Liabilities** | 59,385.86 |
| | |
| **Total Current Liabilities** | 380,308.32 |
| | |
| Long Term Liabilities | |
| Greenwich Village Associates | 697,461.63 |
| **Total Long Term Liabilities** | 697,461.63 |
| | |
| **Total Liabilities** | 1,077,769.95 |
| | |
| Equity | |
| Capital Stocks | 140,000.00 |
| Retained Earnings | -119,903.67 |
| Net Income | -10,994.85 |
| **Total Equity** | 9,101.48 |
| | |
| **TOTAL LIABILITIES & EQUITY** | **1,086,871.43** |

Debtor Name    Name  GFY REALTY COPORATION                    Case number 21-10078 JKS

**Exhibit D: [Most Recently Filed Postpetition Operating Report]**
**[Summary of Postpetition Operating Reports]**

**Fill in this information to identify the case:**

Debtor Name  GFY REALTY CORPORATION

United States Bankruptcy Court for the: District of New Jersey

Case number:  21-10078

☐ Check if this is an
amended filing

Official Form 425C

## Monthly Operating Report for Small Business Under Chapter 11                12/17

Month:  MAY 2021

Date report filed:  _____
MM / DD / YYYY

Line of business:  REAL ESTATE MGMT

NAISC code:  _____

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury
that I have examined the following small business monthly operating report and the accompanying
attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party:                 GE WANG

Original signature of responsible party  /S/ GE WANG

Printed name of responsible party   GE WANG

## 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

|  |  | Yes | No | N/A |
|---|---|:---:|:---:|:---:|
| | **If you answer _No_ to any of the questions in lines 1-9, attach an explanation and label it _Exhibit A._** | | | |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. | Did you pay your employees on time? | ☐ | ☐ | ☑ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☑ | ☐ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☑ | ☐ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☑ | ☐ | ☐ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☑ | ☐ | ☐ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | **If you answer _Yes_ to any of the questions in lines 10-18, attach an explanation and label it _Exhibit B._** | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☐ | ☑ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

Debtor Name  GFY REALTY CORPORATION                               Case number 21-10078

17. Have you paid any bills you owed before you filed bankruptcy?                     ☐  ☑  ☐
18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy?   ☐  ☑  ☐

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.

$ 12,265.45

20. **Total cash receipts**

Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

Report the total from *Exhibit C* here.

$ 6,950.00

21. **Total cash disbursements**

Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

Report the total from *Exhibit D* here.

– $ 18,425.90

22. **Net cash flow**

Subtract line 21 from line 20 and report the result here.
This amount may be different from what you may have calculated as *net profit*.

+ $ -11,475.90

23. **Cash on hand at the end of the month**

Add line 22 + line 19. Report the result here.

Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

= $ 789.55

This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**             $ 0.00
    *(Exhibit E)*

Debtor Name  GFY REALTY CORPORATION                          Case number 21-10078

## 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you
have sold. Include amounts owed to you both before, and after you filed bankruptcy.  Label it *Exhibit F.*
Identify who owes you money, how much is owed, and when payment is due. Report the total from
*Exhibit F* here.

25. **Total receivables**                                                                    $   12,400.00

    *(Exhibit F)*

## 5. Employees

26. What was the number of employees when the case was filed?                                          0
27. What is the number of employees as of the date of this monthly report?                             0

## 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?    $   0.00
29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?   $   600.00
30. How much have you paid this month in other professional fees?                             $   0.00
31. How much have you paid in total other professional fees since filing the case?            $   0.00

## 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month.
Projected figures in the first month should match those provided at the initial debtor interview, if any.

|  | Column A | Column B | Column C |
|---|---|---|---|
|  | **Projected** | − **Actual** | = **Difference** |
|  | Copy lines 35-37 from the previous month's report. | Copy lines 20-22 of this report. | Subtract Column B from Column A. |
| 32. **Cash receipts** | $ 6,450.00 | − $ 6,950.00 | = $ -500.00 |
| 33. **Cash disbursements** | $ 4,500.00 | − $ 18,425.90 | = $ -13,925.90 |
| 34. **Net cash flow** | $ 1,950.00 | − $ -11,475.90 | = $ -10,525.90 |

35. Total projected cash receipts for the next month:                                        $   9,950.00
36. Total projected cash disbursements for the next month:                                  − $   4,500.00
37. Total projected net cash flow for the next month:                                        = $   5,450.00

Debtor Name  GFY REALTY CORPORATION                                    Case number 21-10078

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☐  38.  Bank statements for each open account (redact all but the last 4 digits of account numbers).

☐  39.  Bank reconciliation reports for each account.

☐  40.  Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐  41.  Budget, projection, or forecast reports.

☐  42.  Project, job costing, or work-in-progress reports.

 **Bank**

America's Most Convenient Bank®

E    STATEMENT OF ACCOUNT



GFY REALTY CORPARATION
DIP CASE 21-10078 DIST NJ
125 5TH AVE
PATERSON NJ  07524

| | |
|---|---|
| Page: | 1 of 3 |
| Statement Period: | May 01 2021-May 31 2021 |
| Cust Ref #: | ▮▮2209-039-E-*** |
| Primary Account #: | ▮▮9 |

## Chapter 11 Checking

GFY REALTY CORPARATION
DIP CASE 21-10078 DIST NJ

Account ▮▮209

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 12,265.45 | Average Collected Balance | 8,465.47 |
| Deposits | 6,950.00 | Interest Earned This Period | 0.00 |
| | | Interest Paid Year-to-Date | 0.00 |
| Checks Paid | 18,425.90 | Annual Percentage Yield Earned | 0.00% |
| Ending Balance | 789.55 | Days in Period | 31 |

### DAILY ACCOUNT ACTIVITY

**Deposits**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 05/04 | SBB MDEPOSIT | 2,250.00 |
| 05/04 | SBB MDEPOSIT | 2,000.00 |
| 05/06 | SBB MDEPOSIT | 1,200.00 |
| 05/07 | SBB MDEPOSIT | 1,000.00 |
| 05/25 | SBB MDEPOSIT | 500.00 |
| | Subtotal: | 6,950.00 |

**Checks Paid**    No. Checks: 4    *Indicates break in serial sequence or check processed electronically and listed under Electronic Payments

| DATE | SERIAL NO. | AMOUNT | DATE | SERIAL NO. | AMOUNT |
|---|---|---|---|---|---|
| 05/05 | 1019 | 2,272.07 | 05/03 | 1025* | 325.00 |
| 05/19 | 1021* | 15,000.00 | 05/05 | 1029* | 828.83 |
| | | | | Subtotal: | 18,425.90 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 04/30 | 12,265.45 | 05/06 | 14,289.55 |
| 05/03 | 11,940.45 | 05/07 | 15,289.55 |
| 05/04 | 16,190.45 | 05/19 | 289.55 |
| 05/05 | 13,089.55 | 05/25 | 789.55 |

Bank Deposits FDIC Insured | TD Bank, N.A. | Equal Housing Lender

# How to Balance your Account

**Begin by adjusting your account register as follows:**

- Subtract any services charges shown on this statement.

- Subtract any automatic payments, transfers or other electronic withdrawals not previously recorded.

- Add any interest earned if you have an interest-bearing account.

- Add any automatic deposit or overdraft line of credit.

- Review all withdrawals shown on this statement and check them off in your account register.

- Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:

2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3. Subtotal by adding lines 1 and 2.

4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| | |
|---|---|
| ① Ending Balance | 789.55 |
| ② Total Deposits | + |
| ③ Sub Total | |
| ④ Total Withdrawals | - |
| ⑤ Adjusted Balance | |

| ② DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total Deposits** | | ② |

| ④ WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total Withdrawals** | | ④ |

**FOR CONSUMER ACCOUNTS ONLY — IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

**TD Bank, N.A., Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377**

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared. When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed. Please include:

- Your name and account number.
- A description of the error or transaction you are unsure about.
- The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

**FOR CONSUMER LOAN ACCOUNTS ONLY — BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES: Although the Bank uses the Daily Balance method to calculate the finance charge on your Moneyline/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the finance charge, multiply the Average Daily Balance times the Days in Period times the Daily Periodic Rate (as listed in the Account Summary section on the front of the statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day. There is no grace period during which no finance charge accrues. Finance charge adjustments are included in your total finance charge.



STATEMENT OF ACCOUNT

GFY REALTY CORPARATION
DIP CASE 21-10078 DIST NJ

Page:                                    3 of 3
Statement Period:    May 01 2021-May 31 2021
Cust Ref #:                    9-039-E-***
Primary Account #:                        9



#1019          05/05          $2,272.07



#1021          05/19          $15,000.00



#1025          05/03          $325.00



#1029          05/05          $828.83

Debtor Name   Name   GFY REALTY COPORATION                                    Case number 21-10078 JKS

**Exhibit E: Liquidation Analysis**

**Plan Proponent's Estimated Liquidation Value of Assets**

**Assets**

| | | |
|---|---|---|
| a. | Cash on hand | $ |
| b. | Accounts receivable | $ |
| c. | Inventory | $ |
| d. | Office furniture and equipment | $ |
| e. | Machinery and equipment | $ |
| f. | Automobiles | $ |
| g. | Building and land | $ |
| h. | Customer list | $ |
| i. | Investment property  (such as stocks, bonds or other financial assets) | $ |
| j. | Lawsuits or other claims against third-parties | $ |
| K | Other intangibles (such as avoiding powers actions) | $ |

| | | | |
|---|---|---|---|
| **Total Assets at Liquidation Value** | | | $ |
| Less: | Secured creditors' recoveries | — | $ |
| Less: | Chapter 7 trustee fees and expenses | — | $ |
| Less: | Chapter 11 administrative expenses | — | $ |
| Less: | Priority claims, excluding administrative expense claims | — | $ |
| [Less: | Debtor's claimed exemptions] | — | $ |

| | |
|---|---|
| (1) Balance for unsecured claims | $ |
| (2) Total dollar amount of unsecured claims | $ |

| | |
|---|---|
| **Percentage of claims which unsecured creditors would receive or retain in a chapter 7 liquidation:** | % |
| **Percentage of claims which unsecured creditors will receive or retain under the Plan:** | %   [Divide (1) by (2)] |

Debtor Name    Name   GFY REALTY COPORATION                     Case number 21-10078 JKS

**Exhibit F: Cash on hand on the effective date of the Plan**

|  |  |  | $ |
|---|---|---|---|
| **Cash on hand on effective date of plan** | | | |
| Less: | Amount of administrative expenses payable on effective date of the Plan | − | $ |
| Less: | Amount of statutory costs and charges | − | $ |
| Less: | Amount of cure payments for executory contracts | − | $ |
| Less: | Other Plan payments due on effective date of the Plan | − | $ |
| **Balance after paying these amounts** | | | $ |

The sources of the cash Debtor will have on hand by the effective date of the Plan are estimated as follows:

| | $ |
|---|---|
| Cash in Debtor's bank account now | $ |
| Net earnings between now and effective date of the Plan [State the basis for such projections] | $ |
| Borrowing [Separately state terms of repayment] | $ |
| Capital contributions | $ |
| Other | $ |
| **Total** (This number should match "cash on hand" figure noted above) | $ |

Debtor Name   Name   GFY REALTY COPORATION                     Case number 21-10078 JKS

**Exhibit G: Projections of Cash Flow for Post-Confirmation Period**