Scott D. Sherman, Esq. - Bar ID: 019961992
MINION & SHERMAN
33 Clinton Road, Suite 105
West Caldwell, New Jersey 07006
Phone: (973) 882-2424
Fax: (973) 882-0856
Email: ssherman@minionsherman.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re | Bk. No. 21-10078 JKS |
| GFY REALTY CORPORATION, | Chapter 11 |
| Debtors. | Confirmation Hearing - <br> Date : October 5, 2021 <br> Time : 10:00 a.m. <br> Place: U.S. Bankruptcy Court <br> 50 Walnut Street, 3rd Floor <br> Courtroom 3D <br> Newark, New Jersey 07102 |

**OBJECTION TO DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION AND CONFIRMATION THEREOF**

Greenwich Village Associates, LLC ("Secured Creditor") in the above-entitled Bankruptcy proceeding, holds the first mortgage lien and property tax lien on the Debtors' subject property generally described and known as **126-128 5th Ave., Paterson, N.J. & 125-139 5th Ave., Paterson, N.J.** (the "Subject Property").

Although not entirely clear The Secured Creditor appears to be designated as a **Class 2** creditor in the Plan of Reorganization ("Plan") filed by Debtor GFY Realty Corporation (hereinafter "Debtor"). Secured Creditor hereby submits the following Objection to the Plan:

I. **INTRODUCTION**

1

Debtor filed their Voluntary Chapter 11 Petition in Bankruptcy with this Court on or about January 26, 2021. Secured Creditor filed a secured proof of claim on March 16, 2021, listed as Claim #1-1 on the Claims register, in the sum of $1,404,409.48. *(The mortgage underlying Secured Creditor's claim matured on 5/28/2017).* There have been no objections by the Debtor to the Secured Creditor's claim and it should be noted that no other claims have been filed in the case. The Plan was filed on July 7, 2021 and appears to simply state that the Secured Creditor would be paid in full through a refinance of the Subject Property within 90 days.

At the time this case was filed the Secured Creditor had a pending foreclosure action in the Superior Court of New Jersey, Passaic County Chancery Division (Greenwich Associates v. GFY, Docket #F-9119-19). The status of the case at the time the Debtor had filed this Chapter 11 was pending determination of Secured Creditor's Motion for Summary Judgment.

II. **THE PLAN IS TOO VAGUE TO BE CONFIRMED**

The proposed plan treatment for the Secured Creditor is unduly vague. While Debtor proposes a payoff of the secured creditor within 90 days there has been nothing filed with the court suggesting any commitment for financing or anything at all suggesting that the Debtor may qualify for the financing necessary to payoff secured creditor. Additionally, in support of their "sale" plan, Debtors have suggested a fair market value of $1,000,000 on Schedule A of their schedules and in the plan state that the property may be worth up to $1,600,000.00 should property be appraised. Debtor has also made it clear that payments will not be made to the Secured Creditor during this bankruptcy. Additionally, Debtor has not paid post-petition property taxes.

Assuming for arguments sake that $1,600,000 is the fair market value of the property on a sale there is simply no equity in the property and the loan to value ratio would be close to 100% using the high range of Debtor's value and more than 100% using the low to

2

midrange of Debtor's value making it unlikely that Debtor would be in a position to refinance this property. If we add the amount due to the Secured Creditor at the time this bankruptcy was filed $1,404,409.45 + $66,000.00 (estimated post-petition interest) + $45,283.40 (post-petition property taxes advanced by Secured Creditor) we are already at **$1,515,692.80** for a total amount that would be necessary to satisfy the debt to the Secured Creditor. If we add in 10% for costs of sale ($100,000 - $160,000) there is no equity in the Subject Property no matter what value is used.

The lack of a narrative description concerning the treatment makes the proposed treatment too vague to be susceptible to confirmation as providing fair and equitable treatment of the Secured Creditor's claim. Moreover, no adequate protection payments are outlined pending refinance of the property and Debtor is not paying property taxes. It should also be noted that there is no default provision in the plan. Secured Creditor should not have to "wait and see" when the sale will take place without getting adequate protection payments during the pendency of a proposed refinance that seem unlikely to occur on its face. The vague nature of the proposed treatment therefore precludes confirmation.

### III.     **BEST INTEREST**

Section 1129(a)(7) of the Bankruptcy Code provides that a court may confirm a plan only if the plan meets the "best interest of creditors" test. Under the "best interest of creditor" test, each holder of a claim or interest in an impaired class must either accept the plan or receive or retain property of a value, as of the effective date of the plan, that is not less than the amount such holder would receive or retain if the debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. See, In re Johns-Manville Corp., 843 F.2d at 649; Travelers Ins. Co. v. Pikes Peak Water Co. (In re Pikes Peak Water Co.), 779 F.2d 1456, 1460 (10th Cir. 1985); In re Crowthers McCall

3

Patterns, Inc., 120 B.R. 279, 297 (Bankr. S.D.N.Y. 1990); In re Mason & Dixon Lines, Inc., 63 B.R. at 183; In re Victory Construction Co., Inc., 42 B.R. 145, 151 (Bankr. C.D. Cal. 1984).

Secured Creditor herein has not accepted the Plan and, as of the effective date, is not getting the amount the Debtors would have received if they were liquidating in a Chapter 7 case. Secured Creditor is neither getting payments nor the equivalent of payments as of the effective date of the Plan.

### IV. DEBTORS' PROPOSED PLAN OF REORGANIZATION VIOLATES 11 U.S.C. §1129(b)(2)(A) AND THEREFORE CONFIRMATION SHOULD BE DENIED.

In order to confirm a plan over the objection of an impaired secured creditor, the plan must not discriminate unfairly and must be fair and equitable with respect to the secured claim. 11 U.S.C. §1129(b)(2). At a minimum "fair and equitable" means that "secured creditor must receive the indubitable equivalent of his claim". In re Helen Park Place, Ltd., 130 B.R. 39, 41 (Bankr. N.D.Tex.1991); Sandy Ridge Development Corp. v. Louisiana National Bank, 881 F.2d 1346, 1349-50 (5th Cir. 1989). Mere technical compliance with Section 1129(b)(2) does not mean that the plan is fair and equitable but rather the court must consider the plan as a whole and all the facts and circumstances surrounding treatment of the creditor's claim, e.g., the plan's treatment of the creditor's rights under State law, the safety of his principal, and whether the creditor will receive, through the payment of interest, the present value of his secured claim. Helen Park, Ltd., supra, F. 41-42.

In order to completely compensate a secured creditor, the payment of interest is required. The plan fails to provide for payment of interest and maintenance of taxes and insurance while the alleged refinance the property is pending. While this case is pending the Debt owed to the Secured Creditor is only increasing. This is improper treatment of Secured Creditor's claim.

4

### V. PLAN FAILS TO ADDRESS THE PAYMENT OF TAXES

In the present case, the Debtors' Plan fails to address the payment of real property taxes on the subject Property post-confirmation. Further, the Plan fails to address the cure of post-petition escrow advances made by Creditor on the Debtor's behalf. As of January 6, 2021, Secured Creditor has advanced $45,283.40 in post-petition taxes on the subject Property. Accordingly, it is unclear if the Debtors will have sufficient monthly income to make additional escrow payments to Creditor.

### VI. FAILURE TO FILE MONTHLY OPERATING REPORTS

It should be noted that Debtor has failed to file monthly operating reports for June, July & August 2021 so there is no clear picture of Debtor's present financial condition. The last P&L filed with the court would appear to show Debtor operating at a loss. The plan as proposed cannot be confirmed given the vague treatment of this secured creditor.

### VII. CONCLUSION

As such, the Court must deny confirmation of the plan.

**WHEREFORE, SECURED CREDITOR PRAYS AS FOLLOWS:**

(1)   That the objection to Debtors' Plan of Reorganization be sustained.

(2)   That the Court deny confirmation of the Plan; and

(3)   For such other relief as this Court deems proper.


Dated: 9/27/2021

*/s/ Scott D. Sherman*
Scott D. Sherman, Esq. - Bar ID: 019961992
MINION & SHERMAN
33 Clinton Road, Suite 105
West Caldwell, New Jersey 07006
Phone:  (973) 882-2424
Fax:(973) 882-0856
Email:   ssherman@minionsherman.com